CALDWELL, Chief Justice.
Petitioner seeks review by certiorari of the Order of the Full Commission dated December 16, 1966.
Claimant suffered a work-connected injury to his left arm and shoulder. Three surgical procedures were performed, the last on June 25, 1965, following the injury on November 17, 1964. The deputy found that claimant reached maximum medical improvement on November 26, 1965 and awarded 30 per cent permanent disability of the body as a whole. Claimant then returned to work with his former employer and was discharged February 1, 1966, whereupon he filed for permanent and total disability. Thirty-one days after his discharge the deputy heard the cause and awarded permanent and total disability, which was affirmed by the Commission. The questions for review are whether the deputy’s conclusion of maximum medical improvement and total disability are supported by competent substantial evidence which accords with logic and reason.
It is unclear whether claimant was discharged from his second employment because he could not or would not perform the light duties of servicing the vehicles. Claimant admits he could do such work as checking tires and filling trucks with gasoline but says he could not let down all the landing gears of the trailers because some had become warped. But it is undisputed that the employer told claimant to get other workmen to help him on those difficult operations.
Within the brief period between claimant’s discharge and the hearing before the deputy on the claim of permanent and total disability, claimant made no effort to secure light work, which he admitted he could perform, other than filing an *178 application with the employment service. His work history was of farming, grove caretaker, saw mill, labor, looking after patients at a mental hospital and truck and tractor driving. He was 59 years of age, possessed a second grade education, could not read or write, but could count, make change, read and write numbers, add and subtract.
An employment counselor testified he was of the opinion he could find a job for claimant such as delivery man, parking meter collector, elevator operator, rodman, service station attendant, delivering papers, or jobs such as claimant could perform and jobs probably available in the established labor market of the Lakeland area. The assistant manager of the State Employment Service testified he did not have a job available for claimant at the time of the hearing although, admittedly, there may have been jobs of which he was not aware.
In view of claimant’s admission he could perform light work, his failure to diligently seek such work and the short period between claimant’s discharge and the hearing by the deputy, we find the latter’s conclusion of no wage earning capacity not supported by evidence which comports with logic and reason.
The only medical testimony offered was that of Dr. Pfaff who saw claimant in November 1964 and later performed three operations. Dr. Pfaff’s opinion was claimant then had a 60 per cent functional disability of the arm or a 30 per cent functional disability of the body as a whole and could perform light work. The doctor stated if claimant became unemployable there was another operation available which he thought would decrease pain and enhance his ability to use his arm. It is our conclusion the deputy’s finding claimant was permanently and totally disabled and had reached maximum. medical improvement was not supported, by competent substantial evidence.
The Order of the Full Commission is quashed and the cause remanded to the deputy for further consideration, including the taking of additional testimony if he be so advised, on the question of claimant’s wage earning capacity and maximum medical improvement.
DREW, THORNAL, ERVIN and BARNS (Ret.), JJ., concur.